IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lee Lisenby, Jr., | ) | C/A No.  5:12-cv-02666-DCN-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Order |
| Cecilia Reynolds, Warden KCI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |

Petitioner brought this habeas action pursuant to 28 U.S.C. § 2254.  This matter is before the court on Petitioner's Motion for Copies, ECF No. 14, Motion to Appoint Counsel, ECF No. 22, Motion for Funds to Hire an Expert, ECF No. 23, and Motion for Issuance of Subpoena, ECF No. 24.  Respondent has not filed responses to these motions. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**Motion for Copies (ECF No. 14)**

Petitioner filed a Motion for Copies on November 7, 2012 contending that the mailroom confiscated his copies of his habeas petition and requests that the court provide him with "a copy of his original complaint, to see what is missing out of his habeas petition." ECF No. 14.  Petitioner contends that he does not have the funds to pay $56.50 to obtain a copy of his complaint.  *Id.*

The court does not provide copies to litigants free of charge.  The Clerk's Office charges 50 cents per page for copies.  If Petitioner wishes to purchase a copy of documents

filed in this court, he may contact the Clerk of Court at 843-676-3820 or 401 West Evans Street, Florence, SC 29501 to make payment arrangements. Petitioner's request for copies, ECF No. 14, is hereby denied.

**Motion to Appoint Counsel (ECF No. 22):**

Petitioner filed a request for appointment of counsel on December 10, 2012 contending that he is in solitary confinement and does not have access to legal supplies, that he suffers from diabetes, and is challenging an insanity defense. ECF No. 22. Petitioner asks that the court appoint counsel because "this is his last chance to challenge his case. This case will likely need expert witnesses, medical records subpoenaed and an attorney who knows about medical cases." *Id.*

There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, ... he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). While a court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require," 18 U.S.C. § 3006A(2)(B); the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

After a review of the pleadings and other documents in this case, the court finds that, at this time, factors are not present that reflect a need for Petitioner to have counsel appointed. The case itself does not appear atypically complex, and Petitioner has shown that

he is able to represent his interests to this point. Accordingly, Petitioner's request for appointment of counsel, ECF No. 22, is denied.

**Motion for Funds To Hire Expert (ECF No. 23)**

Petitioner filed a motion on December 10, 2012 requesting that the court provide him with funds to hire an expert. ECF No. 23. Peitioner contends that he is "challenging a case that involves insanity defense" and that "he will need funds to hire an expert to explain the effect of Xanax and provigual (sic) when combined." *Id.*

First, the court finds no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a habeas petition. Further, the undersigned acknowledges that pursuant to Fed. R. Evid. 706, a court may, on its own motion or on a motion by any party, appoint an expert witness. However, the determination to appoint an expert rests solely in the court's discretion and is to be determined by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert view. *See Pabon v. Goord*, No. 99 Civ. 5869, 2001 WL 856601 (S.D.N.Y. July 30, 2001)). The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the court, through the services of an impartial expert in its assessment of technical issues.

In this case, the issues do not appear to the undersigned to be of the requisite complexity to require appointment of an expert witness. As the underlying purpose of Rule 706 is to assist the court in evaluating contradictory or complex evidence, rather than to aid the Petitioner's prosecution of his own case, Petitioner's Motion for Funds to Hire an Expert, ECF No. 23, is denied.

**Motion for Subpoenas (ECF No. 24):**

On December 10, 2012, Petitioner filed a Motion for Subpoenas, seeking to subpoena a copy of his medical files from Dr. Rommel, and Neurology, Neurodiagnostic and Pain Clinic. ECF No. 24.

Rule 6 of the Rules Governing Section 2254 Cases states, in part, that:

(a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.
(b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Petitioner has not sought leave of this court to file any discovery requests nor has the court authorized Petitioner to conduct discovery. Accordingly, Petitioner is not entitled to discovery and, thus, his Motion for Subpoenas, ECF No. 24, is denied.

## Conclusion

Therefore, for the foregoing reasons, it is ORDERED that Petitioner's Motion for Copies, ECF No. 14, Motion to Appoint Counsel, ECF No. 22, Motion for Funds to Hire an Expert, ECF No. 23, and Motion for Issuance of Subpoena, ECF No. 24, are DENIED.

IT IS SO ORDERED.

January 23, 2013                                                              Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge

4