# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lee Lisenby, Jr., | ) | C/A No.   5:12-cv-02666-DCN-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Report and Recommendation |
| Cecilia Reynolds, Warden KCI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |

Petitioner Billy Lee Lisenby, Jr. ("Petitioner" or "Lisenby") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 40, 41.  On February 14, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 42.  Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment on March 14, 2013, ECF No. 46, and an amended response in opposition to Respondent's Motion for Summary Judgment on April 17, 2013, ECF No. 49.  Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 40, be granted.

I.       Background

Petitioner is currently incarcerated in the Tyger River Correctional Institution of the South Carolina Department of Corrections ("SCDC").  ECF No. 1 at 1.  In 2008, Petitioner was

indicted in the April 21st term of the Chesterfield County Grand Jury for two counts of assault with intent to kill ("AWIK") and one count of failure to stop for a blue light. *See* Civil Action ("C/A") No. 09-705, ECF No. 35-3 at 1-2, 4-5.[1]  On April 21, 2008, a jury trial was conducted before the Honorable Mark Hayes in Chesterfield, South Carolina. *Id.*, ECF No. 35-1, 35-2. Attorney Patricia Rivers represented Petitioner, and Solicitors J.R. Joyner and Eric Rowell represented the State. ECF No. 35-1 at 1.   Petitioner, who was absent from the first part of the trial, was found guilty of one count of AWIK and failure to stop for a blue light. *Id.,* ECF No. 35-1 at 54-63; ECF No. 35-2 at 89-90.   Judge Hayes sentenced Petitioner to three years confinement on the failure to stop for a blue light conviction, and ten years on the AWIK conviction, with the AWIK sentence to run consecutive with the failure to stop for a blue light sentence. *Id.*; ECF No. 35-2 at 98.

II.    Procedural History

A.  Appeal and First PCR Action

Petitioner timely served a Notice of Appeal and then moved to withdraw it.   C/A No. 09-705, ECF No. 35-5.   On September 2, 2008, Petitioner's motion to dismiss was granted and the case was remitted back to the Clerk of Court for Chesterfield County.  *Id.* On August 11, 2008, Petitioner filed his first Application for Post-Conviction Relief ("PCR") alleging ineffective assistance of trial counsel, denial of case management, and bailiff improperly went into the jury room.  C/A No. 09-2627, ECF No. 36-6 at 81-104.  Petitioner filed six amendments to his PCR Application.   *Id.*, ECF No. 36-6 at 104-132.  On December 2, 2008, the State filed a return

---

[1] This is Petitioner's sixth federal habeas petition.  The first five petitions were dismissed without prejudice.  Citations to the record in this Report refer to documents filed in support of the Return and Motion for Summary Judgment filed in these prior five actions: Civil Action Nos. 09-705; 09-2627; 10-2609; 10-2687; and 11-1443, together with the documents filed in support of the Return and Motion for Summary Judgment pending before the court.

denying Petitioner's allegations and requesting an evidentiary hearing. *Id.*, ECF No. 36-6 at 133-37. On January 14, 2009, an evidentiary hearing was conducted before the Honorable John M. Milling. *Id.*, ECF No. 36-7 at 2. Petitioner was present and represented by M. Ronald McMahan, Jr., Esq.; Assistant Attorney General Karen C. Ratigan represented the State. *Id.* Petitioner and his trial attorney, Patricia C. Rivers, testified at the hearing. *Id.*, ECF No. 36-7 at 4-77. In an Order dated February 6, 2009, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly.

Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

### Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.1(e), SCRCP).

For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). In order to prove prejudice, an applicant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry v. State, 300 S.C, 115, 117-18, 386 S.E.2d 624, 625 (1989). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial," Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052).

The Applicant stated he did not have any meetings with trial counsel prior to trial in order to discuss the State's evidence or his defense. The Applicant stated trial counsel should have moved to quash indictment 2008-08-13-0352 because the indictment listed S.C. Code Ann. § 16-3-620 when the indicted charge was actually a common-law offense. The Applicant stated trial counsel did not attend his preliminary hearing. The Applicant testified he was not tried by a jury of his peers, as there were only two (2) African-Americans and no juror was in his age group. The Applicant testified he missed the first part of his trial because he had not been notified of the trial date. The Applicant testified trial counsel should have introduced his medical history to explain he had been taking two (2) medications that should not have been mixed. The Applicant stated he had several problems with the videotape of the police chase: (1) he had not reviewed it before trial, (2) trial counsel did not object to its admission, (3) the State should not have shown the parts of the police chase that occurred in North Carolina, and (4) trial counsel should have, objected to the chain of custody. The Applicant stated trial counsel should have subpoenaed two (2) witnesses: his doctor and the passenger in his car during the police chase. The Applicant stated trial counsel should have requested a jury charge regarding his absence from the first part of the trial. The Applicant testified trial counsel did not object to the bailiff entering the jury room. The Applicant testified trial counsel should have polled the jury because the verdict form was unsigned and had the wrong date.

Trial counsel testified she was in constant contact with the Applicant and his mother.  Trial counsel testified she and the Applicant had discussed the State's evidence and the Applicant's version of events. Trial counsel testified she did not object to indictment 2008-GS-13-0352 because (1) the charge had been reduced from assault and battery with intent to kill to AWIK and (2) nothing in the indictment was a surprise. Trial counsel stated she did not recall if there had been a preliminary hearing in this case. Trial counsel stated there was no reason to challenge the composition of the jury. Trial counsel stated the Applicant missed the first part of his trial but noted she had sent a letter to the Applicant that his case was on the trial docket.  Trial counsel testified she did not mention the Applicant's medication at trial because he was voluntarily intoxicated. Trial counsel testified she and the Applicant watched the video of the police chase the first day of trial.  Trial counsel testified nothing on the videotape was a surprise and that she believed the video helped the case (because it showed the Applicant was not liable for one of the ABIK counts).  Trial counsel stated there was no reason to object to references to the portion of the chase that happened in North Carolina. Trial counsel stated she did not recall speaking to the passenger in the Applicant's car, but that his testimony would not have aided the defense. Trial counsel stated she did not ask for a jury instruction about the Applicant having been absent for a small part of the trial because she did not want to remind the jury about it.  Trial counsel testified she did not object to the bailiff entering the jury room once because that bailiff did not say anything to the jurors. Trial counsel testified she did not poll the jury after they rendered the verdicts.

This Court finds the Applicant's testimony is not credible, while also finding trial counsel's testimony is credible. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in her representation.

This Court finds the Applicant failed to meet his burden of proving trial counsel did not adequately prepare for trial. This Court finds credible trial counsel's testimony that she had numerous conversations with the Applicant about the State's evidence against him. This Court finds there was no valid reason for trial counsel to file a motion to quash indictment 2008-G8-13-0352. Trial counsel testified the body of the indictment put them on notice of the charge. See State v. Gentry, 363 S.C. 93, 103, 610 S.E.2d 494, 500 (2005) (finding an indictment is sufficient if it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet). This Court finds there was no error in trial counsel not attending a preliminary hearing in this case, as such is not a critical stage of the trial process. See, e.g., State v. Keenan, 278 S.C. 361, 365, 296 S.E.2d 676, 678 (1982) (finding a defendant has no constitutional right to a preliminary hearing).

This Court finds the Applicant failed to meet his burden of proving trial counsel should have made a motion to challenge the composition because it was not, in fact, a jury of his peers. This Court finds the Applicant has failed to set forth any cognizable reason to justify a Batson[2] motion, much less to sustain a motion.

This Court finds the Applicant failed to meet his burden of proving trial counsel did not notify him of his trial. Trial counsel testified she sent a letter to the Applicant advising him of the trial date when she received the trial list from the State. This Court notes the issue of notice was addressed at trial, and the trial judge concluded proper notice had been provided to the Applicant. (Trial transcript, pp.20.21; pp.61-62). This Court notes that at the latest, the Applicant was present halfway through the direct examination of the first State witness. (Trial transcript, p.45).

This Court finds the Applicant failed to meet his burden of proving trial counsel should have challenged the videotape of the police chase. This Court notes trial counsel and the Applicant were given a chance to watch the videotape at the end of the first day of trial. (Trial transcript, p.72). This Court finds there was no basis for trial counsel to have challenged the portions of the tape showing the chase through North Carolina. This Court finds there was no problem with the chain of custody regarding the videotape - having been converted from a videotape to a DVD - but also that such an alleged break in the chain would not rendered the tape inadmissible. See e.g., State v. Horton, 359 S.C. 555, 568, 598

---

[2] Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986).

S.E.2d 279, 286 (Ct. App. 2004) (finding if there is a weak link in the chain of custody. the question is only one of credibility and not admissibility). Regardless, this Court agrees with trial counsel's testimony that allowing the jury to view the videotape clearly helped the defense case, as the jury returned with a not guilty verdict on one of the counts of AWIK.

This Court finds the Applicant failed to meet his burden of proving trial counsel should have subpoenaed his doctor to testify at trial. It was clear from the Applicant's own testimony at trial that he was not confused in what he was doing and was evading the police in order to reach his grandmother's house.  (Trial transcript, pp. 123-49).   The Applicant also asserted at trial that he was not "wasted" and that the two (2) medication he was taking "don't bother [him]." (Trial transcript, p. 149).   Regardless, as this doctor did not testify at the evidentiary hearing, any discussion regarding his testimony is purely speculative. See Bannister v. State, 333 S.C. 298, 303, 509 S.E.2d 807, 809 (1998) (the South Carolina Supreme Court "has repeatedly held a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial") (emphasis in original); see also Dempsey v. State, 363 S.C. 365, 370, 610 S.E.2d 812, 815 (2005) (finding that, as the applicant failed to have an expert testify at the evidentiary hearing, "any finding of prejudice is merely speculative").

This Court finds the Applicant failed to meet his burden of proving trial counsel should have subpoenaed the passenger in his car to testify at trial. This Court agrees with trial counsel that the passenger's testimony would not have aided the defense case. Allegedly this passenger grabbed the steering wheel at some point, causing the Applicant to almost hit an officer. This Court finds the Applicant created this entire situation by attempting to outrun the police and cannot now blame the passenger for the events he, himself, set in motion. This Court also finds this swerving action was not the only evidence the Applicant had placed the officer's life in danger. Regardless, this Court notes the passenger may not have even been available to testify, as he noted in his affidavit to the court - Exhibit 6 - that he was working on the day of trial.

This Court finds the Applicant failed to meet his burden of proving trial counsel should have asked for a jury charge regarding his absence from a small part of his trial.  This Court finds such an instruction would have been improper in his case. Regardless, trial counsel testified she did not request this instruction because she did not want to remind the jury that the Applicant failed to appear on time.  See Roseboro v. State, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995) (finding where trial counsel articulates a valid reason for employing a certain strategy, such conduct should not be deemed ineffective assistance of counsel).

This Court finds the Applicant failed to meet his burden of proving trial counsel should have objected to the bailiff having entered the jury room on a

single occasion. The Applicant failed to present any evidence or testimony that the bailiff's actions were in any way improper.

This Court finds the Applicant failed to meet his burden of proving trial counsel should have polled the jury about their verdict. This Court finds the improper date on the verdict form - Exhibit 4 - was merely a scrivener's error. This Court further finds that, while the verdict form had "not guilty" marked and then crossed out, the form then had "guilty" checked and the foreperson agreed this was the proper verdict after it was read aloud. (Trial transcript, p.214).

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in her representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland - that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

## **All Other Allegations**

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

## **CONCLUSION**

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his trial and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

This Court advises the Applicant that he must file a notice of intent to appeal within thirty (30) days from the receipt of this Order if he wants to secure appropriate appellate review. His attention is also directed to Rules 203, 206, and 227 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of intent to appeal has been timely filed.

IT IS THEREFORE ORDERED:

1. That the application for post-conviction relief be denied and dismissed with prejudice; and

2. That the Applicant be remanded to the custody of the Respondent.

C/A No. 09-2627, ECF No. 36-7 at 92-99.   Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend.   Petitioner, represented by M. Celia Robinson, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a Petition for Writ of Certiorari, dated January 21, 2010.  C/A No. 09-2627, ECF No. 36-8.  The four issues that were presented, quoted verbatim, were:

1. Did the PCR judge err in denying relief despite trial counsel's ineffectively failing to notify petitioner of his upcoming trial date, her ineffectively failing to object to the trial proceeding in the absence of the accused, her ineffectively failing to request a continuance, and her ineffectively failing to request that the judge issue a jury instruction as to petitioner's absence from the first part of the trial?

2. Did the PCR judge err in denying relief despite trial counsel's ineffectively failing to obtain or present evidence of his medical history or evidence as to the combined effects of his prescribed medications?

3. Did the PCR judge err in denying relief despite trial counsel's ineffectively failing to inform the accused that there was a videotape of the car chase, her ineffectively failing to obtain the videotape prior to trial, and her ineffectively failing to object to admission of the videotape in evidence?

4. Did the PCR judge err in denying relief where trial counsel provided ineffective assistance of counsel in that she failed to note the irregularity in the verdict form and failed to request that the jury be polled as to the actual verdict?

*Id.,* ECF No. 36-8 at 2.  The State filed its Return to the petition on July 6, 2010.  C/A No. 10-2687, ECF No. 31-5.  On May 13, 2011, the South Carolina Supreme Court denied the petition

for writ of certiorari. *Id.,* ECF No. 31-6.  The Remittitur was issued on June 1, 2011. *Id.*, ECF No. 31-7.

B.  Second PCR Application

Petitioner filed a Second PCR Application on September 17, 2009, arguing ineffective assistance of counsel and after discovered evidence contending that his trial attorney committed perjury during his PCR action and as a result there was no evidence to show that Petitioner was notified that he "was due in court on April 21st, [20]08."  C/A No. 09-2627, ECF No. 36-10 at 8-11.  Petitioner alleges that the evidence before the court shows that he "was due in court on May 21st, [20]08." *Id.* at 9. Petitioner filed two amendments to this application. *Id.*, ECF Nos. 36-12, 36-13.  On January 29, 2010, the State filed a return arguing that Petitioner's Application should be dismissed because it was successive to the prior PCR actions and was filed after the statute of limitations had expired. *Id.*, ECF No. 36-11.   On February 5, 2010, the State Court entered a conditional order of dismissal of Petitioner's Second PCR Application and granted Petitioner 20 days to provide specific reasons why his Second Application should not be dismissed in its entirety.  *Id.*, ECF No. 36-14.  Petitioner filed a response and an amended response to the conditional order of dismissal, along with an additional amendment to his PCR Application.  *Id.*, ECF No. 36-16. On April 18, 2010, the State Court entered a final order of dismissal finding that Petitioner's Second Application was successive and barred by the statute of limitations.  C/A No. 10-2609, ECF No. 32-2.  The court also found that Petitioner's newly discovered evidence claim and lack of subject matter jurisdiction claim were without merit. *Id.*   Petitioner filed a motion to alter or amend that was subsequently denied on August 4, 2010.  ECF No. 50-1.  Petitioner appealed the denial of his Second PCR Application which was denied by the South Carolina

Supreme Court on September 9, 2010.  C/A No. 10-2687, ECF No. 31-8.  The Remittitur was issued on September 28, 2010.  *Id.*, ECF No. 31-9.

### C.  Third PCR Application

Petitioner filed a Third PCR Application on November 15, 2010 arguing ineffective assistance of counsel.  C/A No. 10-2609, ECF No. 32-6 at 3.    Petitioner contended that his appellate counsel failed to ensure that "his most viable issues in his Petition for Writ of Certiorari" were preserved and raised before the South Carolina Supreme Court - - - the trial court's decision to start the trial in Petitioner's absence although Petitioner was not properly notified of his new hearing date.  *Id.* at 8-9.   The State filed a Return and Motion to Dismiss on March 4, 2011, arguing that the Petition was successive and barred by the statute of limitations. C/A No. 10-2609, ECF No. 32-7.   A conditional order of dismissal of Petitioner's Third Application was entered on March 11, 2011, and Petitioner was granted 20 days to provide specific reasons why his Third PCR Application should not be dismissed in its entirety.  *Id.*, ECF No. 32-8.   Petitioner filed a response to the conditional order of dismissal on April 6, 2011.  *Id.*, ECF No. 32-10.  A final order of dismissal was entered on June 6, 2011, finding that Petitioner's ineffective assistance of counsel argument was "barred as untimely and successive," and that any newly discovered evidence argument was without merit.  C/A No. 10- 2687, ECF No. 31-10. Petitioner moved to alter or amend the judgment which was denied.  *Id.*, ECF No. 31-11; C/A No. 11-1443, ECF No. 49-2 at 5.   Petitioner appealed the denial of his Third PCR Application which was denied by the South Carolina Supreme Court on October 25, 2011. ECF No. 50-2. The Remittitur was issued on November 10, 2011.  ECF No. 50-3.

### D.  Fourth PCR Application

Petitioner filed a Fourth PCR Application on June 29, 2011, arguing that he did not knowingly and voluntarily waive his right to file direct appeal, ineffective assistance of counsel, and denial of case management.  C/A No. 10-2687, ECF No. 31-13.  On October 20, 2011, the State filed a Return and Motion to Dismiss arguing that the petition was successive and barred by the statute of limitations.  C/A No. 11-1443, ECF No. 49-2.  A conditional order of dismissal of Petitioner's Fourth PCR Application was entered on November 2, 2011, and Petitioner was granted 20 days to provide specific reasons why his Fourth Application should not be dismissed. *Id.*, ECF 49-3.     Petitioner responded to the conditional order of dismissal on November 17, 2011.  *Id.*, ECF No. 49-5.  A final order of dismissal was entered on January 10, 2012, finding that the petition was time-barred and successive.  *Id.*, ECF No. 49-6.  The order further found that Petitioner was not denied the right to appeal the denial of his PCR applications.  *Id.* Petitioner appealed the denial of his Fourth PCR Application which was denied by the South Carolina Supreme Court on July 16, 2012.  ECF No. 46-1 at 2.  The Order also prohibited Petitioner from "filing any further collateral actions in the circuit court challenging his convictions from 2008 for failure to stop for a blue light and assault with intent to kill without first obtaining permission from the [South Carolina Supreme Court.]"  *Id.*   The Remittitur was issued on August 1, 2012.  ECF No. 50-4.

### E.  State Habeas Petition

Petitioner filed a State Habeas Corpus Petition on March 7, 2012, arguing that his trial and PCR counsel erred when they did not pursue an insanity defense to his AWIK and failure to stop for blue light charges.  ECF No. 41-1.  The State filed its Return and Motion to Dismiss on May 3, 2012.  ECF No. 41-2.  Petitioner's habeas petition was summarily dismissed on May 7,

2012 because the court found that Petitioner could have raised his insanity defense issue in his multiple PCR and federal habeas actions. ECF No. 41-3. Petitioner appealed the denial of his state habeas action to the South Carolina Appellate Courts. ECF No. 41-4. The State filed its Return on October 8, 2012. ECF No. 41-5. The South Carolina Court of Appeals filed an order on January 23, 2013, requiring Petitioner to file a Rule 203(d)(1)(B)(vi), SCACR, explanation to show why the denial of his state habeas petition was improper. ECF No. 41-8. Petitioner did not respond to the January 23, 2013 order and his appeal was dismissed on March 27, 2013. ECF No. 51-2. The Remittitur was issued on April 15, 2013. ECF No. 51-3.

III.    Discussion

A. Federal Habeas Issues

Petitioner filed his initial habeas petition on September 17, 2012, ECF No. 1, which raised the following issues, quoted verbatim:

> GROUND ONE: Trial Counsel was ineffective in failing to notify petitioner of his upcoming trial date, her ineffectively failing to object to the trial proceeding in the accused, her ineffectively failing to request a continuance and her ineffectively failing to request that the Judge issue a jury instruction as to petitioner's absence from the first part of the trial.
>
> Supporting facts: Petitioner argues that he did not waive his right to be present where he was not informed a new, changed, trial date. On Page 54 of the trial transcript Petitioner stated in front of his attorney once he arrived to court "They advised me in writing to be in court on May 21st, and no one has ever notified me." Again on Page 55 of the trial transcript Petitioner stated, "Well, see, I wasn't informed to be here. They told me it'd be on May 21st." On Page 57 of the trial transcript it states "The Court: What is that piece of paper you just referred to? The Defendant: It just states that my bond. My aunt gave me the bond. Madge Lisenby, she'll testify to this. The Court: Give that to Ms. Rivers. The Defendant: I was supposed to come to court on the 21st. Ms. Rivers: That's the original. See attachments #1 - #7 Conclusion of Ground One.
>
> GROUND TWO: Ineffective Assistance of Counsel, Trial Attorney did in fact commit perjury by stating she notified Petitioner of an April 21st 2008 court date by mail. (Subject Matter Jurisdiction)

Supporting facts:   Petitioner's trial attorney Patricia Cribb Rivers did in fact commit perjury on several occasions during Petitioner's Jan. 14th, 2009 P.C.R. hearing.  She stated on numerous occasions during the P.C.R. hearing that she notified Petitioner by mail of an April 21st, 2008 court date.  On Page 52 of the transcript for the PCR the Assistant Attorney General Ms. Ratigan questioned Mrs. Rivers as follows: Q "So when you got trial list and saw Mr. Lisenby's name was on there, you would have sent a letter to him saying to appear on the 21st of April; Is that what you're saying?" A "Right." Q "Do you send a letter to the Address that he had provided to you?" A "Yes." She answered yes to sending a letter advising Petitioner of a April 21st, 2008 court date.  On page 70 of the PCR transcript Petitioner's PCR attorney cross examined his trial attorney Mrs. Patricia Rivers as follows: Q. "And you've testified that your normal practice is send him a letter containing the list of cases to be called to trial that day.  It that Right?" A. "Yes. A lot of them are in contact with me.  They will … you know, a lot of clients will keep calling you checking on their case.  And some never call you. But we always send that letter out even if we talk to them on the telephone so well.  See Attachment # 8.

GROUND THREE:   Trial counsel violated Petitioner's right to be present at every stage of trial and pick his jurors. (Subject Matter Jurisdiction).

Supporting facts:   During Petitioner's PCR hearing his trial counsel Patricia Rivers committed perjury by stating "she had reviewed the jury list with Petitioner at some point."  This can be found on Page 55 of the PCR transcript. There is no way she could've reviewed the list with Petitioner because when the list came out on April 10th, 2008, he was in a North Carolina jail.  [See Exhibit #5 Jury Worksheet for the week of 4-21-08 dated April 10th, 2008.]  Petitioner made bond from Chesterfield S.C. on April 4th, 2008 and was extradited to Anson County North Carolina. [See Exhibit #6 from Magistrate Lisenby].  Petitioner received his warrants in Anson County N.C. on 4-08-08 [See Exhibit #10] and received his bond that same day.  On 4-10-08 he was extradited to Cabarrus County North Carolina. [See Exhibit #11]  Petitioner never saw his attorney.  See attached #9.

GROUND FOUR:  Trial attorney fail to object to the charge of AWIK which is no longer recognized in S.C.  (Subject Matter Jurisdiction)

Supporting facts:  Petitioner was found guilty of Assault with intent to kill, which is a common law misdemeanor, but the State of South Carolina only recognizes three levels of assault and neither one is Assault with Intent to Kill.  It only recognizes (1) common law assault.   The trial court lack subject matter jurisdiction in Petitioner's case and his attorney was ineffective for not challenging it, or objecting.  That State of South Carolina no longer recognizes the non-statutory offense of assault with intent to kill as a law anymore.  There are three levels of assault: the statutory offense of simple assault and battery, the common law offense of assault and battery of a high aggravated nature

(ABHAN), and the statutory offense of assault and battery with intent to kill (ABWIK) Code 1976 §16-3-620." Petitioner was illegally convicted of the common law offense of assault with intent to kill, because the state only recognizes one common law assault and [See Attachment # 10] continued

ECF No. 1 at 5-10. Petitioner filed an Amended Petition for Writ of Habeas Corpus on December 20, 2012. ECF No. 30. In his Amended Petition, Petitioner argues that his trial counsel committed perjury at his PCR hearing when she testified that Petitioner was subject to arrest warrants at the time of the incident. *Id.* at 1. Petitioner contends that he had no pending warrants. *Id.* Petitioner also contends that his trial counsel lied at his PCR hearing when she testified that the state's witness only mentioned North Carolina when he stated that he radioed ahead and North Carolina officers also began chasing him. *Id.* at 2-3. Petitioner further alleges that his trial counsel lied at his PCR hearing when she denied that she and Petitioner discussed the possibility of pleading insanity. *Id.* at 3. Petitioner also argues his trial counsel had a conflict of interest because Petitioner ran her son off the road during the chase. *Id.* at 4. Petitioner finally contends that his trial counsel was ineffective for not obtaining and challenging Chesterfield County Sherriff's Department's "High Speed Chase Policy." *Id.* at 5.

B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including

those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990).

C.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy,* 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the

pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV.    Analysis

A.   Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas petition should be dismissed because the petition was filed after the expiration of the AEDPA's one year statute of limitation.  ECF No. 41 at 35.    The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court.  28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Review of the record indicates Petitioner's federal habeas petition was not timely filed. As previously summarized, Petitioner timely appealed his convictions and sentences; however he voluntarily moved to dismiss his pending appeal, his motion was granted, and the remittitur issued on September 2, 2008.  C/A No. 09-2627, ECF No. 36-8 at 2.  Petitioner filed his First PCR Application on August 11, 2008, before the remittitur for his appeal was issued, and therefore, the AEDPA's statute of limitation had not begun to run.  Petitioner's appeal of the denial of his First PCR Application was denied on May 13, 2011, and the remittitur was issued on June 1, 2011. C/A No. 10-2687, ECF Nos. 31-6, 31-7.    The AEDPA one year statute of limitation time period began to run at this time and Petitioner had until June 1, 2012 to file his

federal habeas petition. Petitioner filed this petition on September 11, 2012, 102 days after the expiration of the AEDPA statute of limitations.

The undersigned further finds that Petitioner is not entitled to the tolling of the statute of limitations period for the time period between his First PCR Application and his Second, Third and Fourth PCR Applications and his State habeas corpus petition because these filings were found to be successive and untimely. *See Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005) ("Because the state court rejected Petitioner's PCRA petition as untimely, it was not properly filed and he is not entitled to statutory tolling under § 2244(d)(2).") Accordingly, tolling of the statute of limitations is not merited. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

B. The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it

> would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); cf. *Pace,* 544 U.S. 408, 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The Holland Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

Petitioner argues that he is entitled to equitable tolling of the AEDPA statute of limitations. ECF No. 46. Petitioner contends that his fifth federal habeas petition was dismissed without prejudice with leave to re-file once he exhausted his state remedies. ECF No. 46 at 1. Petitioner argues that at the time of the dismissal his fourth PCR case was pending and the remittitur in that matter was not issued until August 1, 2012. *Id.* Petitioner avers that he was unaware that the statute of limitation expired in June 2012 and he "has been pursuing his conviction diligently since 2008, and has never missed a deadline as a pro-se litigant." *Id.* Petitioner argues that "his ignorance of the law should not be held against him." *Id.* Petitioner also contends that he is only provided with legal supplies when he can prove he has a upcoming court deadline, and the he could not have shown a deadline "until the Remittitur was send in case

18

2011CP1300259, because his federal case # 1:11-cv-01443-DCN-SVH was dismissed without prejudice with the right to re-file once the state case was exhausted." *Id.* at 2. Petitioner also argues that he had to purchase a copy of his federal habeas corpus # 1:11-cv-01443-DCN-SVH in July or August 2012 because the South Carolina Department of Corrections ("SCDC") "lost all his legal material dealing with this case." *Id.* Petitioner finally argues that he "had no access to the law library because they stop sending books to inmates in solitary confinement and transferred to the Automated Law Library Computer (Westlaw) and Petitioner is completely computer illiterate." *Id.*

The undersigned finds that Petitioner has not demonstrated any exceptional or extraordinary circumstances that prevented him from timely filing his petition. First, Petitioner's argument, that the lateness of his current petition should be excused because he filed a previous timely petition that was dismissed with leave to re-file, fails because the filing of a federal habeas petition does not toll the AEDPA time period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (finding that though the limitation period is tolled during the pendency of a state post-conviction relief proceeding, 28 U.S.C. § 2244(d) (2), it is not tolled during the pendency of a federal habeas petition). Second, the undersigned finds that Petitioner's lack of knowledge concerning the AEDPA's one-year statute of limitations does not satisfy his burden of demonstrating entitlement to equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (finding that pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations did not justify equitable tolling because they were not extraordinary circumstances beyond his control).

Petitioner also claims that limited legal supplies, inaccessible legal research, and having to purchase a copy of his fifth federal habeas petition prevented him from timely filing this

Petition does not demonstrate "extraordinary circumstances." This is especially true as his limited legal supplies and inaccessible legal research did not prevent Petitioner from filing a fourth State PCR Application on June 29, 2011, after he had filed his fifth federal habeas petition on June 15, 2011. Nor did these circumstances stop Petitioner from filing a state habeas petition on March 7, 2012, following the dismissal of his fifth federal habeas petition on January 23, 2012. Finally, the fact that Petitioner's legal materials were lost does not present extraordinary circumstances that excuse his late filing as this is, at least, Petitioner's sixth federal habeas petition which would suggest at least a minimal familiarity with the issues he wished to bring before the court.

Additionally, Petitioner argues that the statute of limitations should be tolled because Judge Norton dismissed "Petitioner's federal habeas action without prejudice with no consideration of the fact that his 4th P.C.R. Petition was not 'properly filed.'" ECF No. 49. Petitioner cites to *Pettinato v. Eagleton*, 466 F. Supp. 2d 641 (D.S.C. 2006) and argues that the facts of his case are similar to the facts of *Pettinato* where the court found that extraordinary circumstances supported equitable tolling of the statute of limitation. *Id.* Reviewing the facts of the *Pettinato* case, the undersigned finds that the facts of Petitioner's case are substantially different. For example, Petitioner never moved to stay his pending federal habeas petitions, unlike Pettinato, whose motion to stay his pending federal habeas petition to exhaust his state remedies was denied. Additionally, the state court did not specifically state that Pettinato's second PCR application was untimely, unlike the orders that dismissed Petitioner's subsequent PCR applications as barred by the statute of limitations. Finally, unlike Pettinato, who filed a Rule 59(e) motion in state court that was still pending six years after it was filed, Petitioner

received timely rulings on his six state PCR and habeas applications.  The undersigned finds Petitioner's case does not support equitable tolling under the *Pettinato* holding.

Finally, Petitioner argues that he is entitled to relief based on "the new constitutional law" in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), that "was ruled on by the U.S. Supreme Court in March of 2012."  ECF No. 49.  In *Martinez*, the Supreme Court held that a habeas corpus petitioner asserting claims for ineffective assistance of counsel can demonstrate sufficient cause to excuse a procedural default upon a showing that counsel in the initial-review collateral proceeding was ineffective in failing to raise a claim that should have been raised below. *See Martinez*, 132 S.Ct. at 1318 (internal citations omitted).  Petitioner argues that his petition is timely under 28 U.S.C. §§ 2244(d)(1) and 2254(e)(2)(A) because he is bringing his action one year after the new constitutional right in *Martinez* was recognized. ECF No. 49 at 2.  The undersigned finds that Petitioner is not entitled to a one-year statute of limitations period running from when *Martinez* was decided because *Martinez* is an equitable ruling which did not establish a new rule of constitutional law. *United States v. Barber*, 5:05cr00015-l, 2012 WL 3990243, at *1 n. 2 (W.D.W.Va. Sept. 10, 2012) (*citing Adams v. Thaler*, 679 F.3d 312, 322 n. 6 (5th Cir. 2012)).

Accordingly, equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and is barred by Section 2244(d)(1).[3]

V.    Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 40, be GRANTED and the Petition be DENIED.

---

[3] Because the court finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

IT IS SO RECOMMENDED.

April 30, 2013
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge