**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| BILLY LEE LISENBY, JR., *a/k/a Malik Al-Shabazz*, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> CECILIA REYNOLDS, *Warden*, ) <br> ) <br> Respondent. ) <br> ) | No. 5:12-cv-02666-DCN <br><br> **ORDER** |

Petitioner Billy Lee Lisenby, Jr., a state prisoner, seeks habeas corpus relief under 28 U.S.C. § 2254.  Respondent Cecilia Reynolds filed a motion for summary judgment. The matter was reviewed by the magistrate judge, who, in a Report and Recommendation (R&R), recommends that respondent's motion for summary judgment be granted and the petition be denied.  Petitioner filed objections to the R&R.  For the reasons set forth below, the court adopts the magistrate judge's R&R and grants respondent's motion for summary judgment.

## I.  BACKGROUND

In April 2008, a grand jury charged Lisenby with two counts of assault with intent to kill (AWIK) and one count of failure to stop for a blue light.  On April 21, 2008, Lisenby's jury trial began without him in attendance.[1]  He was found guilty on one count of AWIK and for failing to stop for a blue light, and sentenced to thirteen years' imprisonment.  Lisenby filed a notice of appeal but later moved to withdraw it.  On September 2, 2008, his appeal was dismissed.

---

[1] At the latest, Lisenby arrived at trial halfway through direct examination of the State's first witness.  See R&R 5.

1

Lisenby has earned Platinum status in the frequent filer club. He has filed an array of federal and state collateral challenges to his 2008 convictions and subsequent proceedings.

### A. First PCR Application

On August 11, 2008, Lisenby filed an application for post-conviction relief (PCR), alleging, inter alia, ineffective assistance of trial counsel. He was represented by counsel at the PCR hearing. On February 6, 2009, the PCR court denied Lisenby's application. On February 12, 2009, Lisenby filed a Notice of Appeal of the denial of his first PCR application. After receiving several extensions, Lisenby filed a Petition for Writ of Certiorari on January 21, 2010, which the South Carolina Supreme Court denied on May 13, 2011. The remittitur was issued on June 1, 2011.[2]

### B. First Federal Habeas Petition

While Lisenby's appeal of the denial of his first PCR application was pending, he filed a habeas corpus petition in federal court on March 12, 2009. On August 31, 2009, Lisenby moved for voluntary dismissal of the federal habeas petition. The magistrate judge issued an R&R on September 30, 2009, recommending dismissal without prejudice with leave to re-file once the state court resolved Lisenby's appeal of the denial of his first PCR application. Presciently, the magistrate judge "caution[ed] the Petitioner to be mindful of the AEDPA's one year statute of limitations period," noting that the limitations period would only be tolled while a "properly filed" PCR application was pending. R&R 12, No. 09-cv-00705, ECF No. 53. On October 26, 2009, this court affirmed the R&R and dismissed the first federal habeas petition without prejudice.

---

[2] As explained infra, the one-year statute of limitations for filing a federal habeas petition began to run on this date.

### C. Second PCR Application

On September 17, 2009—prior to resolution of the appeal of the denial of his first PCR application—Lisenby filed a second PCR application. The PCR court dismissed Lisenby's ineffective assistance of counsel claims as untimely and successive on April 18, 2010, while finding his claim of newly discovered evidence to be without merit. On May 3, 2010, Lisenby filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. This motion was denied on August 4, 2010. An appeal was dismissed by the South Carolina Supreme Court on September 9, 2010.

### D. Second Federal Habeas Petition

On October 5, 2009—while the above three actions were all pending—Lisenby filed a second federal habeas petition. On March 18, 2010, in response to a motion for summary judgment, Lisenby consented to a dismissal of the second federal habeas petition without prejudice. The magistrate judge issued an R&R on July 30, 2010, recommending dismissal without prejudice but once again "caution[ing] Petitioner to be mindful of the AEDPA's one year statute of limitations period." R&R 14, No. 09-cv-02627, ECF No. 56. On August 19, 2010, this court dismissed the second federal habeas petition without prejudice.

### E. Third Federal Habeas Petition

On October 4, 2010, Lisenby filed a third federal habeas petition, again while the appeal of the denial of his first PCR application was pending. On April 20, 2011,

Lisenby filed a motion for voluntary dismissal of the third federal habeas petition.[3] The magistrate judge issued an R&R on May 31, 2011, recommending that the petition be dismissed without prejudice. On June 15, 2011, this court affirmed the R&R and dismissed the third federal habeas petition without prejudice.

### F.  Fourth Federal Habeas Petition

On October 8, 2010, Lisenby filed a fourth federal habeas petition. Lisenby failed to file a timely response to a motion for summary judgment. The magistrate judge ordered Lisenby to notify the court by September 27, 2011 whether he wished to prosecute his case. The deadline was extended to October 12, 2011. No response was filed. The magistrate judge issued an R&R on October 17, 2011, recommending dismissal with prejudice for failure to prosecute. On November 8, 2011, this court affirmed the R&R and dismissed the fourth federal habeas petition with prejudice.

### G.  Third PCR Application

On November 15, 2010, Lisenby filed a third PCR application. The state court dismissed Lisenby's ineffective assistance of counsel claims as untimely and successive on June 6, 2011, while finding his claim of newly discovered evidence to be without merit. On June 8, 2011, Lisenby filed a motion to alter or amend the judgment. This motion was denied on September 8, 2011. Lisenby appealed the denial of his third PCR

---

[3] Shortly thereafter, on May 13, 2011, the South Carolina Supreme Court dismissed the appeal of the denial of Lisenby's first PCR application. Lisenby has filed with the court a letter he received from the South Carolina Commission on Indigent Defense. In this letter, dated May 16, 2011, the Commission advised Lisenby that he had exhausted his state court remedies and notified him that there is "now a one-year statute of limitations for filing an application for a writ of habeas corpus in federal court." Pet'r's Compl. Ex. 1, No. 12-cv-02666, ECF No. 1-1 at 97.

application to the South Carolina Supreme Court. On October 25, 2011, his appeal was dismissed.

### H. Fifth Federal Habeas Petition

On June 9, 2011, Lisenby filed a fifth federal habeas petition. On January 19, 2012, Lisenby filed a motion for voluntary dismissal of his petition. The court granted the motion and dismissed the fifth federal habeas petition without prejudice on January 23, 2012.

### I. Fourth PCR Application

On June 29, 2011, Lisenby filed a fourth PCR application. The state court dismissed the action as untimely and successive on January 10, 2012. On July 16, 2012, the South Carolina Supreme Court dismissed Lisenby's appeal and prohibited him from "filing any further collateral actions in the circuit court challenging his convictions from 2008 . . . without first obtaining [the South Carolina Supreme Court's] permission." No. 12-cv-02666, ECF No. 46-1 at 2.

### J. State Habeas Petition

On March 7, 2012, Lisenby filed a state habeas corpus petition, arguing his trial and PCR counsel erred by not pursing an insanity defense to his 2008 charges. The state court "summarily dismissed" the action on May 7, 2012, finding that Lisenby squandered multiple prior opportunities to raise the insanity issue and failed to state a claim upon which relief may be granted. No. 12-cv-02666, ECF No. 41-3. Lisenby appealed, and on January 23, 2013, the South Carolina Court of Appeals filed an order requiring Lisenby

to show cause why the denial of his state habeas petition was improper. Lisenby did not respond, and his appeal was dismissed on March 27, 2013.[4]

### K. Sixth Federal Habeas Petition

On September 11, 2012,[5] Lisenby filed his sixth and most recent federal habeas petition pursuant to 28 U.S.C. § 2254. In his petition, Lisenby claims: (1) trial counsel was ineffective in failing to notify Lisenby of his trial date, failing to object to the jury trial proceeding in his absence, failing to request a continuance, and failing to request a jury instruction as to his absence from the beginning of the trial; (2) trial counsel committed perjury by stating she notified Lisenby of his trial date by mail; (3) trial counsel violated Lisenby's right to be present at every stage of trial and pick his jurors; and (4) trial counsel failed to object to the charge of AWIK, which is no longer recognized in South Carolina. Lisenby filed an amended petition on December 18, 2012, raising additional ineffective assistance of counsel claims and other grounds for relief.

On February 13, 2013, respondent filed a motion for summary judgment. In her R&R, Magistrate Judge Kaymani D. West recommends that this court deny Lisenby's petition and grant respondent's motion for summary judgment. The magistrate judge did not address the merits of Lisenby's claims, finding this, Lisenby's sixth federal habeas petition, to be untimely. Lisenby filed objections to the R&R on June 4, 2013.

---

[4] In her memorandum in support of summary judgment in the instant case, respondent states that Lisenby's state court remedies have not been exhausted because the appeal of the denial of Lisenby's state habeas petition is still pending. See Resp't's Mem. Supp. Mot. Summ. J. 18, 32. However, as stated above, the appeal has since concluded.

[5] The prison mailbox rule, established in Houston v. Lack, 487 U.S. 266 (1988), entitles a prisoner to a presumption of filing on the date he delivers his legal papers to prison authorities for forwarding to the district court.

6

## II. STANDARD OF REVIEW

Petitioner appears pro se in this case. Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that the court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. 636(b)(1). The court may adopt the portions of the R&R to which the petitioner did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and it is this court's responsibility to make a final determination. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides relief to a person in custody pursuant to the judgment of a state court if the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes a one-year statute of limitations period that begins to run on the date a petitioner's conviction becomes final. Id. § 2244(d)(1); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). The time during which a properly filed application for

collateral review is pending does not count towards the statute of limitations. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417-18 (2005).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where a party "fails to make a showing sufficient to establish the existence of an element essential to his case," Rule 56(a) mandates entry of summary judgment against that party. Celotex v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence is viewed in the light most favorable to the non-moving party with all justifiable inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## III.   DISCUSSION

Lisenby objects to the magistrate judge's R&R on two main grounds: (1) he objects to the finding that his sixth federal habeas petition is untimely; and (2) he objects to the finding that he is not entitled to equitable tolling of the statute of limitations.

### A. Timeliness

First, the magistrate judge recommends that Lisenby's sixth federal habeas petition is barred by the one-year statute of limitations. The court agrees. Lisenby chose not to pursue a direct appeal of his convictions but instead filed his first PCR application on August 11, 2008. He appealed the denial of his first PCR application to the South Carolina Supreme Court, which dismissed the appeal and issued its remittitur on June 1, 2011. Lisenby had one year from June 2, 2011 to file a federal habeas petition. See 28 U.S.C. § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). Because Lisenby did not file the instant petition until September 11, 2012, it is time barred.

Lisenby contends that this court improperly dismissed his fifth federal habeas petition, which should prevent a finding that the sixth federal habeas petition is untimely. Pet'r's Obj. 1-2. On January 23, 2012, this court dismissed the fifth federal habeas petition without prejudice. Thirteen days earlier, the state court had dismissed Lisenby's fourth PCR application. Lisenby argues that because the fourth PCR application was no longer pending, there was no reason to dismiss the fifth federal habeas petition. See Pet'r's Obj. 6 (arguing that had the court not "dismissed his fifth habeas corpus [petition] illegally he would've followed through with it, because he had nothing to exhaust" in state court). As such, Lisenby believes that the filing date of his instant federal habeas petition should relate back to the filing date of his fifth federal habeas petition.

Lisenby fails to point out that the fifth federal habeas petition was dismissed for no reason other than Lisenby's own motion for voluntary dismissal. See Pet'r's Req. for Voluntary Dismissal, No. 11-cv-01443, ECF No. 54. Lisenby also fails to mention that he appealed the denial of his fourth PCR application after he voluntarily dismissed his fifth federal habeas petition. By voluntarily dismissing his fifth federal habeas petition and proceeding with the appeal of his fourth PCR application, Lisenby ran the risk that the South Carolina Supreme Court would agree with the PCR court that the fourth PCR application was properly dismissed as untimely and successive. The Supreme Court not only upheld the PCR court's decision, but barred Lisenby from filing any future collateral actions challenging his 2008 convictions without permission. Because Lisenby's third and fourth PCR applications were dismissed as untimely and successive and his state

9

habeas petition was "summarily dismissed,"[6] none of these actions tolled the one-year limitations period for filing a federal habeas petition that ran from June 2, 2011 to June 2, 2012.  See Pace, 544 U.S. at 417 (holding that state collateral actions found to be untimely and successive are not "properly filed" under § 2244(d)(2) and do not toll the statute of limitations); see also Graham v. Johnson, 168 F.3d 762, 780 (5th Cir. 1999) (holding that to construe a second § 2554 petition as a "continuation" of a prior § 2254 petition that was dismissed without prejudice "would eviscerate the AEDPA limitations period").

For these reasons, the court agrees with the magistrate judge that Lisenby's federal habeas petition is time barred.[7]

**B.  Equitable Tolling**

Next, the magistrate judge recommends that no extraordinary circumstances justify tolling of the statute of limitations.

---

[6] With specific regard to the state habeas petition, it was not properly filed in the state circuit court because Lisenby raised an issue that was procedurally barred. See Keeler v. Mauney, 500 S.E.2d 123, 124 (S.C. Ct. App. 1998) (holding that a petitioner is "procedurally barred from petitioning the circuit court for a writ of habeas corpus where the matter alleged is one which could have been raised in a PCR application").

[7] Lisenby was not without opportunities to bring his federal habeas claims.  First, Lisenby could have prosecuted his claims in his fourth federal habeas action, because the South Carolina Supreme Court issued its remittitur following dismissal of the appeal of the denial of Lisenby's first PCR application *before* this court dismissed the fourth federal habeas action.  Instead, Lisenby did not even respond to the motion for summary judgment, and the fourth federal habeas action was dismissed, *with* prejudice, for failure to prosecute.  Second, because the fifth federal habeas petition was filed after the South Carolina Supreme Court issued its remittitur, Lisenby could have prosecuted his federal habeas claims in his fifth federal habeas action.  He chose not to do so when he moved for voluntary dismissal of the fifth federal habeas petition.  Third, even after this court dismissed Lisenby's fifth federal habeas petition, he had approximately four months in which to file a timely federal habeas petition.  Lisenby waited until September 2012 to file, i.e., more than three months after the limitations period expired.

A petitioner seeking equitable tolling bears the burden of establishing he has diligently pursued his rights but some extraordinary circumstance prevented him from making a timely filing. Pace, 544 U.S. at 418. Equitable tolling is only appropriate in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). To be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. The Fourth Circuit has cautioned that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

First, petitioner's claim that he "had no idea that his statute of limitations was up in June of 2012" is belied by the evidence. Pet'r's Resp. Opp'n Resp't's Mot. Summ. J. 1; see also Pet'r's Obj. 4 (professing ignorance of the June 2012 statute of limitations deadline). Lisenby was advised twice by the magistrate judge, and once by the South Carolina Commission on Indigent Defense, of the running of the one-year statute of limitations. At any rate, a petitioner's ignorance of the statute of limitations does not justify equitable tolling. See R&R 19 (citing United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)).

Next, Lisenby argues that because the South Carolina Department of Corrections (SCDC) transferred to a computer system in 2012 and he is "computer illiterate," he should be excused from failing to make a timely filing. Pet'r's Obj. 3. Courts have held

11

that similar conclusory claims of computer illiteracy did not present the rare case of extraordinary circumstances.  See Cadet v. United States, No. 12-cv-472, 2012 WL 4854381, at *4 (E.D. Va. Oct. 11, 2012); Szadziewicz v. Salazar, No. 09-cv-7576, 2010 WL 2985840, at *4 (C.D. Ca. July 19, 2010); Boone v. Washington, No. 105-cv-104, 2006 WL 663901, at *2 (S.D. Ga. Feb. 10, 2006).  Lisenby additionally claims that SCDC lost "all [his] legal boxes between March and April 2012" and they were not returned until November 2012, and argues this should excuse his tardy filing.  Pet'r's Obj. 5.  Notably, the loss of legal materials did not prevent Lisenby from filing a state habeas petition on March 7, 2012.  In addition, the fact that this is Lisenby's sixth federal habeas petition "would suggest at least a minimal familiarity with the issues he wished to bring before the court."  R&R 20.

　　　　Lisenby further objects to the magistrate judge's finding that his particular scenario is "substantially different" that of the petitioner in Pettinato v. Eagleton, 466 F. Supp. 2d 641 (D.S.C. 2006), who was granted equitable tolling.  Pet'r's Obj. 1.  In Pettinato, the petitioner filed an untimely federal habeas petition.  The petitioner had previously filed a state PCR application, which the PCR court did not specifically dismiss as untimely.  Petitioner filed a Rule 59(e) motion to alter or amend the judgment denying his PCR application, but the state court failed to rule on the motion for six years.  In the meantime, the petitioner moved to hold his federal habeas petition in abeyance pending the outcome of his PCR application.  The district court found these circumstances rose to the level of extraordinary circumstances justifying equitable tolling of the federal statute of limitations.  Id. at 654-55.

Unlike in Pettinato, Lisenby's numerous PCR applications received orders dismissing his claims as untimely and successive. Lisenby received timely rulings on all of his applications and motions, as opposed to Pettinato. Furthermore, Lisenby did not attempt to hold his federal petitions in abeyance. He either requested their dismissal or caused dismissal for failure to prosecute. Therefore, this court agrees with the magistrate judge's determination that the facts of Lisenby's case are substantially different than those of Pettinato.

Finally, Lisenby's objects to the magistrate judge's interpretation of the United States Supreme Court's recent ruling in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Pet'r's Obj. 7. He claims the Martinez Court made it "appropriate to allow [him] to file within (1) year" of March 20, 2012—the date the Court decided Martinez—and he objects to the magistrate's finding that Martinez did not create a new rule of constitutional law entitling him to an extended filing deadline of March 20, 2013. Id. The court agrees with the R&R where it finds Lisenby "is not entitled to a one-year statute of limitations period running from when Martinez was decided because Martinez . . . did not establish a new rule of constitutional law." R&R 21; see United States v. Braber, No. 05-cr-15, 2012 WL 3990243, at *1 n.2 (W.D. W. Va. Sept. 10, 2012) (citing Adams v. Thaler, 679 F.3d 312, 322 n.6 (5th Cir. 2012)) ("[T]he court's decision [in Martinez] was an 'equitable ruling' that did not establish 'a new rule of constitutional law.'"). Lisenby's petition remains untimely.

## IV.   CONCLUSION

For the reasons set forth above, the court **AFFIRMS** the magistrate judge's R&R and **GRANTS** respondent's motion for summary judgment.

The court also **DENIES** a certificate of appealability because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**July 30, 2013
Charleston, South Carolina**